09-2602-ag
Rupa v. Holder

BIA
Montante, IJ
A098 220 639

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand eleven.

PRESENT:
>        JOHN M. WALKER, JR.,
>        ROBERT D. SACK,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

JHAGESHWAR RUPA, AKA RAMESH NASSIAH,
>        *Petitioner,*

>        v.                                    09-2602-ag
>                                              NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL; DEPARTMENT OF HOMELAND SECURITY,
>        *Respondents.*

_____

FOR PETITIONER:        Stephen L. Rockmacher, Schenectady, New York.

FOR RESPONDENTS:        Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jhageshwar Rupa, a native and citizen of Guyana, seeks review of a May 21, 2009, decision of the BIA, affirming the September 24, 2007, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., finding that he waived the opportunity to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jhageshwar Rupa,* No. A098 220 639 (B.I.A. May 21, 2009), *aff'g* No. A098 220 639 (Immig. Ct. Buffalo Sept. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions for the sake of completeness. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review an IJ's decision regarding his discretionary authority to set and extend time limits for filing applications for relief for abuse of discretion. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

As an initial matter, Rupa has abandoned any challenge to

2

the IJ's finding that he waived his application for asylum and withholding of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (holding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). Nor does Rupa challenge the IJ's decision with regard to his removability and request for voluntary departure. Thus, we consider only Rupa's challenge to the IJ's finding that Rupa waived the opportunity to apply for CAT relief.

The agency did not abuse its discretion in finding that Rupa's request to apply for CAT relief was untimely. IJs have broad discretion in calendar management and may set a filing deadline for an application for relief. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006) (holding that "IJs are accorded wide latitude in calendar management, and [the Court] will not micromanage their scheduling decisions any more than when we review such decisions by district court judges"). Here, Rupa did not indicate, either during his interview with an Immigration and Customs Enforcement ("ICE") agent or at his initial hearing before the IJ, that he feared any harm, much less torture, if he were compelled to return to Guyana. Moreover, at his initial hearing, after his

3

application for cancellation of removal was denied, and the IJ asked whether Rupa was seeking any other relief, Rupa replied, "Not at this time." The IJ then adjourned proceedings, setting a date five months later for a hearing on whether Rupa was removable and whether he should be accorded voluntary departure, the only issues that had been raised at that time.

During that five-month interval, Rupa had every opportunity to apply for additional relief or to alert the IJ that he would be raising additional issues at the hearing. He did not do so. Nor did he advise the IJ at the start of the hearing, when the IJ repeated that the hearing would address the legal issue of removability and the question of voluntary departure, that he had any other issues to raise.

Only at the end of the hearing, after Rupa testified about owing money to smugglers, did Rupa's attorney aks for a "credible fear hearing." Only after government counsel pointed out that such an interview was not procedurally appropriate and that an application for asylum would be untimely in any event did Rupa's counsel mention the possibility of CAT relief. He did not seek a continuance for the purpose of making a further application for relief.

On this record, the IJ neither abused his discretion in

4

finding that Rupa's request to file such an application at the end of his merits hearing was untimely, *see Dedji*, 525 F.3d at 191, nor denied him a full and fair opportunity to submit an application for relief, *see Li Hua Lin v. U.S. Dept. of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006).  The IJ had offered Rupa every opportunity to apply for any relief for which he might have been eligible, had granted a continuance to permit Rupa ample time to prepare for a hearing and explore any additional avenues of relief, and gave explicit notice, both at the time the hearing was scheduled and at its opening, as to the issues to be addressed.  Only at the end of the hearing, after Rupa had testified to the manner of his illegal entry, and after abandoning his untimely suggestion of a possible asylum claim, did Rupa's counsel argue that "it's not too late to at least . . . make the CAT claim."  Even then, after the IJ pointed out that Rupa had not established any basis for such relief, Rupa made no effort to explain how he could qualify for such relief, nor did he seek a continuance to prepare an application or present additional evidence or argument.

Additionally, the IJ reasonably determined that Rupa's proffered excuse, that his attorney had discovered Rupa's

5

claimed fear only days before the merits hearing, did not justify his failure to file an application for CAT relief at some point prior to the conclusion of that hearing. *Dedji*, 525 F.3d at 192. Furthermore, as the IJ observed, given that Rupa had not previously mentioned his claimed fear of persecution or torture, either during his extensive interview with an ICE agent or at his initial hearing before the IJ, there appeared no credible basis for a CAT claim. The only fear Rupa expressed at the hearing was a vague fear that if he did not repay the smugglers, and he returned to Guyana, they would look for him and "kill me or something." Yet he also expressed a similar fear that the smugglers would also seek him out in Schenectady if he remained in the United States.

Accordingly, the IJ reasonably found that Rupa did not demonstrate either good cause for his failure to timely file an application for CAT relief or substantial prejudice, the IJ did not abuse his discretion in finding that Rupa's request to apply for CAT relief was untimely and that any such application was waived. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk